An unpublished opinion of the North Carolina Court of Appeals does not constitute controlling legal authority. Citation is disfavored, but may be permitted in accordance with the provisions of Rule 30(e)(3) of the North Carolina Rules of Appellate Procedure.

IN THE COURT OF APPEALS OF NORTH CAROLINA

No. COA24-798

Filed 1 October 2025

Yancey County, Nos. 20CRS050190-990, 20CRS000151-990

STATE OF NORTH CAROLINA

v.

FARON SHANE HONEYCUTT, Defendant.

Appeal by Defendant from amended judgments entered 3 May 2022 by Judge Gary M. Gavenus in Yancey County Superior Court. Heard in the Court of Appeals 6 August 2025.

*Joseph P. Lattimore for the defendant-appellant.*

*Attorney General Jeff Jackson, by Assistant Attorney General Haley A. Cooper, for the State.*

PER CURIAM.

Faron Shane Honeycutt ("Defendant") appeals judgment entered upon a jury's verdict convicting him of possession of methamphetamine and possession of drug paraphernalia and upon his admission to attaining habitual felon status.

Defendant's sole argument on appeal was that the trial court committed plain error by not intervening when the State asked Defendant during cross-examination

whether law enforcement officers were lying when they testified methamphetamine was recovered from Defendant's pocket.

Assuming the trial court erred by allowing this questioning of Defendant during cross-examination, we conclude Defendant has failed to show plain error. Based on the other evidence that Defendant was guilty of the crimes for which he was convicted, specifically the testimonies of the officers that they found Defendant in possession of the items for which he was convicted, we conclude Defendant has failed to show that the jury probably would have reached a different verdict but for the challenged testimony. *See State v. Reber*, 386 N.C. 153, 160 (2024). Accordingly, we conclude that Defendant received a fair trial, free of reversible error.

NO ERROR.

Panel consisting of Chief Judge DILLON and Judges GORE and CARPENTER.

Report per Rule 30(e).